[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a motor vehicle negligence action wherein the plaintiff, Amy Sperger, a minor brings this action through her parent, John Sperger, for injuries suffered as a result of a one car accident.
The plaintiff claims that on July 22, 1989, she was a passenger in an automobile operated by the defendant Amy Roseman but owned by her mother, Ellen Cohen. Plaintiff alleges that Amy Roseman was operating a family car with proper authority.
The defendants move to strike the plaintiff's claim for exemplary and punitive damages, and, as to the mother Ellen Cohen, the plaintiff's claim for double or treble damages. The plaintiff concedes that the claim for punitive and exemplary damages should be striken. However, plaintiff claims that she is entitled to double or treble damages.
The second count of plaintiffs' complaint alleges that Amy Roseman's conduct was willful, wanton and reckless. Plaintiff claims that this allegation forms a basis under Conn. Gen. Stat. sec. 14-295[1] to seek double or treble damages.
The issue here in whether or not a person can be charged with double or treble damages under Conn. Gen. Stat. sec. 14-295 on the basis of being liable under the theory of the family car doctrine.
A motion to strike properly tests the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). The motion admits all well-pleaded facts and those facts necessarily implied from the allegations. D'Ulisse-Cupo v. Board of Dir. of Notre Dame High School, 202 Conn. 206, 208
(1987). It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos,196 Conn. at 108. Further, the complaint must be construed in the manner most favorable to the pleader. Id. CT Page 4778
The plaintiff relies on Gionfriddo v. Avis Rent-a-Car,192 Conn. 180 (1984) which holds that a lessor of an automobile is liable to the same extent as the vehicle's operator. Id. at 184-85. However, the holding in Gionfriddo, was specifically premised on Connecticut General Statutes sec. 14-454a which expresses a legislative intent that the lessor of an automobile should have liability identical to that of the operator. Id. at 284; Conn. Gen. Stat. sec. 14-154a. No such expression of legislative intent is present in sec. 52-182, the legislative embodiment of the so-called family car doctrine which reads as follows:
 Sec. 52-182. Presumption of family car or motorboat in operation by certain person
 Proof that the operator of a motor vehicle or a motorboat, as defined in section 15-127, was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle or motorboat was being operated as a family car or boat within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption.
As noted by the Gionfriddo court, see. 14-154a goes beyond the general limitations on liability that exist with respect to such legal concepts as the family car doctrine. Gionfriddo, 192 Conn. at 284. Moreover, there is no vicarious liability at common law for punitive or exemplary damages. Id. at 285; Maisenbacker v. Society Concordia, 71 Conn. 369, 379-80
(1899). Where there is neither statutory nor common law liability for punitive damages under the facts of this case, the plaintiff's claim for double or treble damages must fail.
Accordingly, defendant's motion to strike as to the defendant Ellen Cohen is granted.
ARNOLD W. ARONSON, JUDGE JUDGE, SUPERIOR COURT